## HUBBARD v. WORCESTER ART MUSEUM.

(Circuit Court, D. Massachusetts.　June 24, 1910.)

No. 633.

1. CORPORATIONS (§ 434*)—TITLE TO REALTY—AUTHORITY TO ACQUIRE.

Without express statutory authority, a Massachusetts corporation may acquire title to real estate.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1765; Dec. Dig. § 434.*]

2. CORPORATIONS (§ 436*)—REAL ESTATE—MODE OF ACQUIRING—DEVISE—STATUTES.

St. Mass. 1856, c. 215. § 4, provided that educational, charitable, and religious corporations might hold real and personal property to an amount not exceeding $200,000. This amount was increased to $500,000 by St. Mass. 1874, c. 375, § 7, which authorized such corporations to hold real and personal property of that value, and to lease, purchase, or erect suitable buildings for their accommodation, to be devoted to the purposes and objects thereof. *Held*, that such statutes are to be construed as limiting the amount, otherwise unlimited, of real and personal property which may be held by a given corporation, and hence an art museum had authority· to take and hold real property by devise.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1772; Dec. Dig. § 436.*]

Writ of entry by Benjamin W. Hubbard against the Worcester Art Museum. Judgment for defendant.

Charles A. Snow and Joseph H. Knight, for plaintiff.

Ropes, Gray & Gorham and T. Hovey Gage, for defendant.

LOWELL, Circuit Judge. Stephen Salisbury died in 1905, and devised the real estate here in question to the Worcester Art Museum, a corporation established in 1896 under Pub. St. Mass. c. 115. At the death of Mr. Salisbury the Museum held about $700,000 of property, real and personal. The real estate devised by Mr. Salisbury to the Art Museum was valued at about $1,200,000. More than $1,800,000 of personal property passed to the Museum under his will. The present action is a writ of entry, brought by one of Mr. Salisbury's heirs and next of kin. It was heard upon an agreed statement of facts. This devise was before the Supreme Court of Massachusetts in Hubbard v. Worcester Art Museum, 194 Mass. 280, 80 N. E. 490, 9 L. R. A. (N. S.) 689.

The demandant's contention is substantially as follows: Without express statutory authority, no corporation in Massachusetts can acquire title to real estate. By Rev. St. 1836, c. 44, § 6, corporations generally were empowered to "hold lands to an amount authorized by law." Whatever right corporations may have had to acquire and hold personal property, no corporation could, in the absence of specific statutory authority, acquire title to real estate. St. Mass. 1856, c. 215, § 4, the earliest statute which dealt with general incorporation for educational, charitable, and religious purposes, provided that:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Such corporations may hold real and personal estate, necessary for the purposes of said organization, to an amount not exceeding two hundred thousand dollars."

This act also gave no authority to any corporation to acquire title to real estate by any conveyance whatsoever. No authority was subsequently derived from St. 1857, c. 56, Gen. St. 1860, c. 32, or St. 1869, c. 276. St. 1874, c. 375, § 7, provided that:

"Such corporations may hold real and personal estate, and may lease, purchase or erect suitable buildings for their accommodation, to an amount not exceeding five hundred thousand dollars, to be devoted to the purposes and objects set forth in their agreement of association, and they may receive and hold in trust, or otherwise, funds received by gift or bequest to be by them devoted to such purposes."

By this statute the demandant admits that a charitable corporation, not specifically authorized thereto, might take title to real estate by conveyance inter vivos, but contends that it could not take title by devise. His contention is that the word "gift" is applicable only to a conveyance inter vivos, and the word "bequest" to a conveyance by will of personal property. The demandant contends that, for the purposes of this suit, the law was not affected by Pub. St. c. 115, § 7, by St. 1897, c. 97, and by Rev. Laws, c. 125, § 2. The demandant therefore contends that the tenant was in 1905 without corporate authority to take title to any real estate by devise, however small the value thereof might be. He further contends that the point decided by Hubbard v. Worcester Art Museum was this: The petitioners there could not be heard to maintain that the Museum was limited in its holdings of property by the amount set out in the General Laws. The demandant contends that the question here raised, viz., that the tenant can take title to no real estate by devise, is raised in this suit for the first time. It seems that the decision made in Hubbard v. Worcester Art Museum could not have been made if the demandant's contention in the case at bar is sound. In other words, the tenant's right here contested was there passed upon and upheld, although the argument here made against it was not urged or considered. But it is not necessary in the case at bar to determine if the matter be res judicata. The demandant's contention is wholly opposed to the statutes of the commonwealth and to its law as established by its authoritative decisions.

In Hubbard v. Worcester Art Museum, the court said, at page 285 of 194 Mass., at page 492 of 80 N. E. (9 L. R. A. [N. S.] 689):

"We start with the inherent right already referred to of every corporation to take and hold property at common law by virtue of the act of its creation. This right is recognized in our statutes by implication without express mention. Rev. Laws, c. 109, §§ 4, 6."

If the meaning of the provision of the Revised Statutes above quoted had been that which the demandant suggests, it would have been self-contradictory. How could a corporation "hold" real estate, if it was forbidden to acquire title thereto? That the right to hold includes some right to acquire is plain. See Rev. St. 1836, c. 36, § 15. And the language of Rev. St. 1836, c. 44, § 6, is that employed in many other statutes, as appears from the references made in the demandant's

brief. The demandant's first contention therefore fails. Without express statutory authority a corporation may acquire title to real estate.

In the case above cited, the Supreme Court said:

"Some judges, in holding that such titles cannot be taken under further wills, endeavor to found a distinction upon the executed character of a title by grant, and suggest that a devise or bequest is executory. It seems to us that there is no good reason for the distinction. When a will is proved and allowed, it takes effect immediately to pass all property affected by it. The provision in the law against large holdings by corporations has no relation to the probate of the will. The act of the testator in executing the will is confirmed and given effect as a complete and executed disposition of the property, by the allowance of the will. In this respect a recorded will does not materially differ from a delivered deed. The heirs at law are bound by one as well as by the other." Page 287 of 194 Mass., page 493 of 80 N. E. (9 L. R. A. [N. S.] 689).

It follows, therefore, that the charitable corporations of Massachusetts might always acquire title to real estate by devise, except so far as they were limited by statute. This was the construction put upon the charter of Harvard College granted in 1650, which empowered the corporation to—

"purchase and acquire to themselves, or take and receive upon free gift and donation, any lands, tenements, or hereditaments, within this jurisdiction of the Massachusetts Bay, not exceeding the value of five hundred pounds per annum."

There is here no mention of taking or acquiring title to real estate by devise, yet the power of the corporation to take real estate in this manner was not questioned. Most of the statutes above cited are not to be taken to enlarge the authority of corporations to acquire or hold real estate by conferring upon them authority otherwise nonexistent. Those statutes are to be taken as limiting the amount, otherwise unlimited, of property, real and personal, which may be held by any given corporation. The demandant's contention, therefore, fails altogether. The tenant has corporate authority to take title to the real estate in question by devise, and that authority has been limited only as to the amount fixed by statute. The statute limiting the amount of property that could be held by the corporation (Rev. Laws, c. 125, § 7) could not be taken advantage of by the demandant, but only by the state. Brigham v. Brigham Hospital, 134 Fed. 513, 67 C. C. A. 393. There must be judgment for the tenant.

The course of reasoning above set out and the decision here rendered are not to be taken to decide, or even to suggest, that the demandant's claim of title does not fail also by reason of the other objections made to it by the tenant. The result here reached is in accord with that reached by Judge Colt in Home for Destitute Children v. Peter Bent Brigham Hospital, decided December 29, 1909 (memorandum), although in that case the learned judge did not state his reasons at length.

Judgment for the tenant.